UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

William Allen LaRue                 30062

*(Enter above the full name of the plaintiff or plaintiffs in this action).*        *(Inmate Reg. # of each Plaintiff)*

**VERSUS**                CIVIL ACTION NO. 2:08-0983
                          *(Number to be assigned by Court)*

Capt. Russell Matheney

Christy Flores

In their official capacity

JURY TRIAL DEMANDED

FILED
AUG 11 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

*(Enter above the full name of the defendant or defendants in this action)*

**COMPLAINT**

I.  **Previous Lawsuits**

    A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____   No ✓

8-8-08

1

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

   Plaintiffs: _____
   _____
   _____

   Defendants: _____
   _____
   _____

2. Court (if federal court, name the district; if state court, name the county);

   _____

3. Docket Number: _____

4. Name of judge to whom case was assigned:

   _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

   _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. Place of Present Confinement: MOCC - Q2 - Pod 5 - Cell #5
Quality of life Program

A. Is there a prisoner grievance procedure in this institution?

(Yes) _____    No _____

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

(Yes) _____    No _____

C. If you answer is YES:

1. What steps did you take? Filed G-1 to defendant MAtheney. Appealed to Warden, waiting on response, then, I'll file to Commissioner.

2. What was the result? Still in the process of exhausting

D. If your answer is NO, explain why not: _____

III. Parties

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: William Allen LaRue # 30062
   Address: 1 Mountainside way Mount Olive, W.Va. 25185-1000

B. Additional Plaintiff(s) and Address(es): _____

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant: **Russell Matheney**

is employed as: **Captain, and Segregation Commander**

at **Mount Olive Correctional Complex**

D. Additional defendants: **Christy Flores**

**Mental Health Therapist**

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

**being punished for refusing therapy with therapist.**

**"See Attached Complaint"**

4

IV.   **Statement of Claim (continued):**

V.   **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want to be free from punishment for refusing therapy.

V.   Relief (continued)):

_____
_____
_____
_____
_____

VII.   Counsel

   A.   If someone other than a lawyer is assisting you in preparing this case, state the person's name:

   _____**NO**_____

   B.   Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

   Yes _____        (No)_____

   If so, state the name(s) and address(es) of each lawyer contacted:

   _____
   _____

   If not, state your reasons: _____
   _____

   C.   Have you previously had a lawyer representing you in a civil action in this court?

   Yes _____        (No)_____

⑥

If so, state the lawyer's name and address:

_____

_____

Signed this **4th** day of **August**, 20**08**.

_____*William A. LaRue*_____

_____

_____

_____
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 4th, 2008**.
(Date)

_____*William A. LaRue*_____
Signature of Movant/Plaintiff

_____— N/A —_____
Signature of Attorney
(if any)

In The U.S. District Court For The Southern District OF West Virginia

William A. LaRue,
    Plaintiff,
V.
Capt. Russell Matheney,
Christy Flores,
in their official capacity,
    Defendants.

Civil Action # _____

JURY TRIAL DEMAND



COMPLAINT

Comes Now, William A. LaRue, plaintiff in the above-captioned case, proceeding by and through self-representation pursuant to Rule 22.01 of the West Virginia Trial Court Rules, and hereby submits this Complaint, and submits the following:

### 1. Preliminary Statement

1. William A. LaRue, (hereinafter "LaRue") is an incarcerated inmate of the West Virginia Penitentiary located at Mount Olive, W.Va.

2. LaRue is serving a sentence of 3-35 years, and has served 8½ years toward that sentence.

3. Upon LaRue's release, he must register as a sex-offender for a period of 10 years. Your plaintiffs juvenile record was part of the reason behind this requirement.

(8)

For the purpose of this Complaint, your plaintiff states the following:

1. On <u>Monday July 28, 2008</u>, therapist Christy Flores, who works for mental health came to Q2-Pod 5-Cell #505 to visit LaRue concerning a letter he sent to her, that advised her of LaRue's wishes for her to leave him alone. LaRue advised her of the fact that he can't cope with the mental drauma that follows the sessions, that come from both inmates and staff.

2. LaRue however did also advise her that he has no desires to speak with her, and that the problems that LaRue deals with, she is unable to help him with. LaRue did not go into details about these, since, they did not concern her.

3. On <u>Monday July 28, 2008</u>, Christy Flores, told LaRue that he will have therapy with her and if he did not like it, that was tough- However, LaRue did point out that she can't force him to submit to and take part in therapy, if he "LaRue" did not desire to do so. Christy Flores, however told LaRue that he will take part in therapy one way or another, and he will not be able to do anything to the contrary.

4. LaRue filed a complaint with Capt. Matheney about this, on the 28th day of July 2008. However, LaRue did earn his T.V. and level 2 this same day.

②

5. On <u>July 30, 2008,</u> around 11:00 A.M. LaRue was dropped from level two down to level one, and his television was taken.

6. LaRue asked the officer why was his level two being dropped to a one, and his television being taken. The officer told LaRue "You filed a complaint, and refuse to comply with your treatment".

7. It is clear that the motivation behind the lowering of LaRue's level and the confiscation of his television, was to compel LaRue to comply with therapy against his free will. Therefore, we argue LaRue's rights have not been protected.

8. We take the position that the basis of forcing LaRue to take therapy, is not to help him, but, cause undue drauma within the unit, by shake downs, and confortation and open discussion of items found in the hearing range of the inmates on his unit.

9. LaRue was forced to make a decision between staying on level one, and not advancing, so he can get off the program, or suffer shake downs, threats by staff and inmates on a regular basis, LaRue However, chose to suffer than remain on level one indefinately.

③

10. However, LaRue does not like the choices that the defendants presented him with. LaRue is aware of the fact that as long as he does therapy, he will advance in the Q.O.L. Program. Also, should he decide to stop the sessions, he will be dropped to level one, to restart the program. As long as he works, he will be given grout or drauma from both inmates and staff on a regular basis. We argue that there is no simple happy medium ground.

11. On July 30, 2008, LaRue filed a complaint to defendant, Capt. Matheny, regarding retaliation for filing the complaint on July 28, 2008, concerning the same.

12. LaRue, will continue to try to exhaust the Grievence process concerning the same.

13. LaRue reserves the right to file an amended Complaint.

14. A threat of harm to the plaintif is evident by the facts contained in this Complaint. LaRue is exposed to an ongoing substantial risk of serious harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the following relief:

(4)

15. Defendant Capt. Russell Matheney, Q2-Segregation Commander, should be ordered to pay "LaRue" for the emotional distress, in the amount of $80 million.

16. Defendant Christy Flores, Therapist with Mental health, should also be ordered to pay "LaRue" for the emotional distress, in the amount of $80 million.

17. "LaRue" seeks an order, ordering the above named defendants to also pay LaRue, a sum of $80 million jointly for their conspiracy of inflicting psycological abuse/treatment/punishment against his Constitutional rights.

18. "LaRue" seeks an order from this Honorable Court compelling the defendants, and advising the defendants, that "LaRue" does in fact have a Constitutional right to refuse medical, and Mental Health treatment, and that it violates "LaRue" Constitutional right to refuse, and thus it serves no penological justification to punish "LaRue" for refusing treatment, by withholding of priviliges.

19. "LaRue" also seeks a declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

20. LaRue's costs in the suit

21. A preliminary and permanent injuction Ordering defendants, Capt. Russell Matheney, and Christy Flores, Therapist, to refrain from punishing "LaRue" in an arbratrary way by withholding privileges and level increases to complete the Q.O.L. Program, on the basis of refusing medical and mental helth treatment.

22. A Jury Trial on all issues triable by jury.

23. LaRue seeks any additional relief this Court deems just, proper and equitable.

Dated: 8-8-08

/S/ William A. LaRue
William A. LaRue
1 Mountainside Way
Mount Olive, W. Va.
25185-1000

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and Correct.

Executed at, Mount Olive, W.Va. on 8-8-08

/S/ William A. LaRue
William A. LaRue
1 Mountainside Way
Mount Olive, W.Va.
25185-1000

(6)

24. <u>Constitutional Amendments</u>

<u>The First Amendment</u>

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

<u>The Fourth Amendment</u>

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

<u>The Fifth Amendment</u>

"No person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation."

## The Eighth Amendment

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

## The Fourteenth Amendment

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

25. In _Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)_, the Court held that prison officials could not withhold a prisoner's parole because he would not complete a program designed to change the behavior of sex offenders, unless they gave him all his procedural protections, such as a hearing.

26. The Court in _Vitek v. Jones, 445 U.S. 480, 494, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552, 566 (1980)_, held that it is unconstitutional to require a change in a prisoner's behavior without a legitimate reason. Thus, a Corrections facility cannot force LaRue to undergo psychiatric treatment as a form of punishment.

27. In the instant case, "LaRue" does not have a serious mental illness, nor he is neither dangerous to himself or others. LaRue, is not being treated with any medications for any serious mental illness. LaRue is a calm, mannered, person. The defendants has withheld the plaintiff's Television, and level increase till he complied and submitted to psychiatric treatment therapy.

28. We argue, that "LaRue" has a right to refuse treatment of all forms, and that when a psychiatrist prescribes medication, and a second psychiatrist has approved the decision that "LaRue" needs the medication, and that his mental disorder is likely to be dangerous if untreated, then, "LaRue" has to comport, and not refuse. Cf §25 p. 8.

29. "LaRue" is not on any form of anti-psychotic drugs.

30. Merely because "LaRue" has unnatural thoughts, it does not inexorably follow that he needs psychotherapy.

31. "LaRue" is not mentally/or emotionally unstable.

32. Defendant, Capt. Russell Matheney replied in the G-1, by stating, "You are correct you can refuse there treatment. But I will also hold you at level one for refusal to program with mental Health." See Attached Complaint. <u>Exhibit A.</u>

⑨

33. Defendant, Capt. Matheney, stated in LaRue's Grievance dated for July 30, 2008, and told "LaRue", "You refused to program with your therapy plan. Therefore based on the Q.O.L. program I can drop you from your current level."

34. LaRue did appeal this response to the Warden on July 31, 2008, as this is therefore Level 2 to the grievance process concerning the same.

35. LaRue's rights under the Due Process Clause of the Constitution have been violated.

36. LaRue's U.S. Constitution's Fifth Amendment right to remain silent, is clearly violated, by compelling him to comply with his therapy plan, by imposing punishment of keeping him on level one of the Q.O.L. program, refusing him his privileges, and the advancement to earn his way through the Q.O.L. program. This seizure and punishment is clearly arbitrary.

37. "LaRue" clearly has a liberty intrest against this unwanted, unconstitutional, unusual, and arbitrary punishment for refusing therapy through Mental Health. There is no legitimate penological government interest in punishing / or tourturing LaRue mentally to force him to work, talk, etc. with Mental Health.

(10)

38. "LaRue" has a Constitutional right to refuse medical or psychiatric treatment, and has a liberty intrest in being free from punishment for excercising that right. It is clear that the defendants has and continue to inflict on LaRue, psychological torture, by withholding privileges to make him take therapy.

39. LaRue is bewildered by the conduct of the defendants. To LaRue's understanding, He can refuse Medical Treatment and not be punished for it. He also understand that Mental health treatment is a branch of Medical field, like any other forms of medical that deal with the human body and its functions. Mental health, is not classified as a educational like Math, reading, and writing. It deals with behavior, modifications through the use of medication and counseling to control the brain and its activities, to sustain a normal life.
LaRue maintains that he has a right to decide if he wants to change his thoughts or not. Your defendants has encroached upon that right. When GOD Created Adam and Eve in the garden of Eden, he gave them the gift of free will. They was given the choice of obeying or disobeying his instructions. Adam and Eve were not created as robots. Today, we still hold that gift from GOD. To Force LaRue to take part in therapy violates his religious beliefs. LaRue has maintained a meek, quiet, humble, loving spirit during these tough times. He will not give up his beliefs for defendants.

(11)

40. The defendants is against LaRue's beliefs. They are trying to force him to abandon his beliefs to comport to their beliefs. LaRue has no desire to switch beliefs to please the defendants. Thus they are punishing him for his unorthodox beliefs. LaRue is a nudist, and believes that No person is without sin in the eyes of God. LaRue is also bi-sexual. He is not incarcerated on any sexual crimes against children. Defendants have taken it upon themselves to harrass LaRue, by saying, medical textbooks and religious material is child pornography. However, the courts of this country clearly has stated, "Nudity without more is protected speech." LaRue contends that private Nudism, that is none-commerical is protected in the State of West Virginia. There is no law making it illegal. These are what the defendants are against, and want LaRue to change his beliefs to comport to theirs. That is the purpose behind forcing him to take therapy, to change his thoughts. Duress is placed on LaRue to take therapy, to gain levels, and his T.V. against his religious beliefs.

41. LaRue was coerced to take therapy with Mental health. LaRue objects to being coerced into therapy with Mental health, with the threat of punishment for refusing.

# VERIFICATION

I, the undersigned have read the forgoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and correct.

Signed this 8th day of August 2008.

/S/ *William A. LaRue*
William A. LaRue
1 Mountainside Way
Mount Olive, W.Va.
25185-1000

## Certificate Of Service

This is to certify that I have this 8th day of August 2008, mailed the original and three (3) copies of the complaint, and attachments by U.S. Mail, Certified, first class, and enclosed a check for the full filing fee, in a properly addressed envelope.
The individual served is:

U.S. District Court
Southern District of W.Va.
Office of the Clerk
300 Virginia Street
Charleston, W.Va.
25301

/S/ *William LaRue*
William LaRue
1 Mountainside Way
Mount Olive, W.Va.
25185-1000

(13)