```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


WILLIAM ALLEN LaRUE,

        Plaintiff,

v.                              Case No. 2:08-cv-00983

CAPT. RUSSELL MATHENEY, and
CHRISTY FLORES, in their
official capacity,

        Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"), has filed a Complaint under 42 U.S.C. § 1983 (docket # 1) in which he alleges that he is being punished for refusing to participate in medical and mental health treatment. He claims that his refusal to participate has resulted in his being retained in "level one" of the "Quality of Life" program, thereby losing such privileges as a television. This case is assigned to the Honorable David A. Faber, District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Id. at 1964-65.

A claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. Plaintiff is unable to satisfy the first essential element required to sustain a § 1983 claim because his constitutional rights have

not been violated.

Although the Fourteenth Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined are significantly reduced for the period of incarceration. See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction and imprisonment implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of all liberty interests." Id. Such interests, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to a protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)(internal citations omitted).

Plaintiff's Complaint alleges, in pertinent part, as follows:

> 3. On Monday, July 28, 2008, Christy Flores told LaRue that he will have therapy with her and if he did not like it, that was tough. However, LaRue did point out that she can't force him to submit to and take part in therapy, if he, LaRue, did not desire to do so. Christy Flores, however, told LaRue that he will take part in therapy one way or another, and he will not be able to do anything to the contrary.
>
> 4. LaRue filed a complaint with Capt. Matheney about

    this . . . .

    5. On July 30, 2008, around 11:00 a.m., LaRue was dropped from level two down to level one, and his television was taken.

    6. LaRue asked the officer why was his level two being dropped to a one, and his television being taken. The officer told LaRue, "you filed a complaint, and refuse to comply with your treatment."

    7. It is clear that the motivation behind the lowering of LaRue's level and the confiscation of his television was to compel LaRue to comply with therapy against his free will. Therefore, we argue LaRue's rights have not been protected.

    8. We take the position that the basis of forcing LaRue to take therapy is not to help him, but, cause undue drama within the unit, by shakedowns, and confrontation and open discussion of items found in the hearing range of the inmates on his unit.

    9. LaRue was forced to make a decision between staying on level one and not advancing, so he can get off the program, or suffer shakedowns, threats by staff and inmates on a regular basis. LaRue, however, chose to suffer than remain on level one indefinitely.

    10. However, LaRue does not like the choices that the defendants presented him with. LaRue is aware of the fact that as long as he does therapy, he will advance in the Q.O.L. [Quality of Life] program. Also, should he decide to stop the sessions, he will be dropped to level one, to restart the program. As long as he works, he will be given grout [sic] or drama from both inmates and staff on a regular basis.

(# 1, at 2-4.)

Plaintiff's prayer for relief seeks compensatory damages of $80 million from each defendant for emotional distress, $80 million "jointly for their conspiracy of inflicting psychological abuse, treatment, punishment against his constitutional rights," an order

4

declaring that Plaintiff has a right to refuse treatment without the punishment of withholding privileges, and an injunction prohibiting the defendants from punishing Plaintiff by withholding privileges and level increases in the Q.O.L. program due to his refusal of treatment. Id., at 12-13.

In McKune v. Lile, 536 U.S. 24 (2002), the Supreme Court addressed an inmate's complaint that he was compelled to incriminate himself during sexual abuse treatment program sessions, upon pain of suffering adverse consequences. The Court held that the inmate's constitutional rights were not violated "if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents or prison life." 536 U.S. at 37-38.

> [The inmate] complains that he will be demoted from Level III to Level I status as a result of his decision not to participate [in the Kansas Sexual Abuse Treatment Program (SATP)]. This demotion means the loss of his personal television; less access to prison organizations and the gym area; a reduction in certain pay opportunities and canteen privileges; and restricted visitation rights. An essential tool of prison administration, however, is the authority to offer inmates various incentives to behave. The Constitution accords prison officials wide latitude to bestow or revoke these perquisites as they see fit.
>
> * * *
>
> The Kansas SATP represents a sensible approach to reducing the serious danger that repeat sex offenders pose to many innocent persons, most often children. The State's interest in rehabilitation is undeniable. There is, furthermore, no indication that the SATP is merely an

5

>elaborate ruse to skirt the protections of the privilege against compelled self-incrimination. Rather, the program allows prison administrators to provide to those who need treatment the incentive to seek it.

Id., at 39, 48.

Based on McKune v. Lile, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to state a claim upon which relief can be granted in that the adverse consequences which he experiences for his refusal to participate in treatment do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life. It is respectfully **RECOMMENDED** that the Complaint be dismissed with prejudice, and that Plaintiff's Motion for Preliminary Injunction (# 2), Motion for a Permanent Restraining Order (# 4), Motion for an Order Compelling the Defendants to Abstain from Imposing Punishment (# 5), and Motion to Compel (# 6) be denied.

The undersigned notes that Plaintiff paid $150.00 toward his filing fee. The filing fee for a civil rights action such as this is $350.00. Typically, when the court dismisses a civil rights action prior to service of process, a filing fee is not imposed. If this action is dismissed, it is suggested that the Clerk refund $150.00 to Plaintiff.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

   August 27, 2008                             /s/ Mary E. Stanley
      Date                                    Mary E. Stanley
                                        United States Magistrate Judge