```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**WILLIAM ALLEN LaRUE,**

      **Plaintiff,**

v.                                     **Case No. 2:08-cv-00983**

**CAPT. RUSSELL MATHENEY, and
CHRISTY FLORES, in their
official capacity,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

By Memorandum Opinion and Order entered March 3, 2009 (docket # 21), the Hon. David A. Faber, Senior United States District Judge, noted that Plaintiff attempted to amend his complaint after the filing of Proposed Findings and Recommendation to dismiss. He referred this case to the undersigned for consideration of plaintiff's filings as potential amendments to plaintiff's complaint.

### Background

Plaintiff was prosecuted in the Circuit Court of Monongalia County, West Virginia, where a jury convicted him of nighttime burglary, two counts of forgery, and two counts of uttering. (# 1-2, Plaintiff's Ex. B, State v. LaRue, No. 99-F-135 (July 14, 2000, Clawges, J.)) The sentencing order contains the following provisions:

> With regard to the State's Motion for Sex Offender Registration, the Court rules that based upon evidence presented at the trial of this matter, the Court finds that one purpose or motive of the defendant was for sexual gratification, which was evidenced by the items taken from [the victim's] apartment an[d] the letters which were written to her and the personal application left for her to complete. Therefore, the Court **ORDERED** that the defendant must register as a sexual offender.
>
> * * *
>
> The Court finds that the defendant has serious and significant problems with sexual matters and evidence supports an unnatural preoccupation with the obtaining of sexual gratification through the use of children, and therefore, recommends to the Commission of Corrections that while the defendant is serving his sentence in State custody he shall undergo psychiatric counseling and should complete a sexual offender treatment program.

Id. at 2-4. The combined sentence imposed on Plaintiff was three to 35 years. Id., at 4.

On December 19, 2007, Plaintiff filed a "Motion to Appoint Counsel to Obtain a Sex Offender Treatment Plan, and for a Reconsideration Concerning the Same," with the Circuit Court of Monongalia County. Id., Plaintiff's Exhibit C, at 1. In denying the motion, Judge Clawges wrote the following:

> The Defendant is now in the custody of the Commissioner of Corrections and is out of this Court's control. The Commissioner of Corrections is not bound by the recommendations of this Court while Defendant is in prison. Prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges. If the Defendant wishes to enter a sexual offender treatment program, he needs to petition the Commissioner of Corrections, and he does not need the assistance of counsel to do so. Furthermore, if the Defendant is eligible for parole and the parole board has made the completion of a sexual offender treatment program a prerequisite, then the parole board will need

>  to provide the Defendant with the required treatment program.

Id., at 1-2.

## Original Complaint

Plaintiff's original complaint alleges that he is being punished for refusing to participate in medical and mental health treatment. He claims that his refusal to participate has resulted in his being retained in "level one" of the "Quality of Life" program, thereby losing such privileges as a television. (# 1.) He pursued his administrative remedies to completion, as set forth in Plaintiff's Exhibit E. (# 1-2 at 17-18.) The undersigned notes that Plaintiff's original complaint sued defendants in their official capacity, and that the relief he sought is "to be free from punishment for refusing therapy." (# 1, at 1, 5.)

On the basis of these allegations, the undersigned proposed findings and recommended that the presiding District Judge dismiss this case with prejudice for failure to state a claim upon which relief can be granted and deny the injunctive relief sought. While an inmate has a right, under most circumstances, to refuse sex offender treatment, the inmate does not have a cause of action to avoid the consequences of such refusal, such as loss of privileges. McKune v. Lile, 536 U.S. 24 (2002) (prison clinical rehabilitation program does not violate the privilege against compelled self-incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not

constitute atypical and significant hardships in relation to the ordinary incidents of prison life).

## Proposed Amendment

On August 27, 2008, in a document entitled "Complaint Continued," (# 12), Plaintiff alleged that on August 19, 2008, defendant Capt. Russell Matheney "assaulted me, and even threatened me with death. He continued to threaten me with death and physical harm. He told me that he can have me killed even by making a phone call from home. All this is in retaliation for filing this civil action. I plead with this court to please do something to protect me from this abuse."

The next two documents filed by Plaintiff (## 13, 14) pertain to the sex offender treatment program. The next filing, Plaintiff's objection to the Proposed Findings and Recommendation (# 15), states,

> Defendant Matheney has assaulted me and threatened my life. This court has clearly ignored that fact. Capt. Matheney told me that he will kill me if I do not comply with treatment. Now, you tell me, is this related to the program objectives? No. My complaint should not be dismissed. I am in fear for my life and safety. Captain Matheny attends the sessions. This court should provide me with a chance to personally tell my side to this problem. I have a hard time seeing at this time. Captain Matheney instigates inmates to harass and threaten me. Death threats from staff is not related to program objectives.

Document # 16, is another objection, which states that "Mental health is not part of the [Quality of Life] Program. Death threats and abuse is also neither part of the program."

4

On September 19, 2008, Plaintiff filed a memorandum (# 17) which provides a thorough description of Plaintiff's claim against defendant Matheney:

> Defendant Russell Matheney, a corrections officer at Mount Olive Correctional Complex, physically assaulted and threatened to beat and kill William LaRue, an inmate at MOCC. LaRue brings this lawsuit under 42 U.S.C. § 1983 against Officer Matheney for his malicious and sadistic use of excessive force and move for a protective order.
>
> First, the use of force here was more than de minimis. Capt. Matheney assaulted LaRue, while simultaneously screaming that he should shoot, stab, and beat him. The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain encompasses both physical and mental pain.
>
> Second, the evidence demonstrates that there was no need for force. LaRue provoked no attack. He was not violent. As indicated by the content of Matheney's threats, the attack - fueled by Matheney's personal feelings of hatred and disgust - was malicious, sadistic, and for the very purpose of causing LaRue harm.
>
> Capt. Matheney yelled these statements to LaRue, while he Matheney stood towering over LaRue as LaRue sat quietly in the chair. "You low-life piece of trash kiddie porn lover, baby raper, deserve to be killed. Someone should kill you." All corrections officers at the penitentiary all have the opportunity to learn inmates' charges.
>
> Matheney also screamed: "You revolting cradle robber. You pedophile. You nauseate me! I want to beat you senseless." LaRue was terrified and did not know how to respond. He had done nothing to provoke the threats.
>
> Capt. Matheney, becoming even more aggressive, continued his tirade for the next half hour. He screamed in LaRue's face: "If I had a knife, I'd stab you in your chest right now, you disgusting pond scum pervert!"
>
> LaRue became very anxious. He thought he was going to be killed by Capt. Matheney or by other inmates to

>whom Matheney would reveal these [sic; this] information. Capt. Matheney continued to scream: "You vile scumbag. I should kill you. If I had my knife, I'd carve you up. If I had my revolver, I'd blow you to shreds. You are a sick maggot."
>
>Matheney then slapped LaRue's face and began to scream threats of beating and death of LaRue. LaRue was terrified and kept still. Matheney continued yelling that he could not stand the sight of LaRue. Matheney continued to scream obscenities and threats of beating and death.
>
>Throughout the sessions, Matheny screamed, "You are a piece of crap! You are a disgusting kiddie porn, child molesting, baby raping animal who deserves to die. I am going to make sure someone's going to kill you. Your days are numbered."
>
>This is not a case about verbal sparring. LaRue was threatened while he was being assaulted. As the case law makes clear, when threats are accompanied by conduct bolstering their credibility, an inmate's constitutional rights are violated. Verbal threats, accompanied by some physical force or injury can violate the Eighth Amendment.
>
>We maintain that being assaulted in prison by staff and inmates is simply not part of any sentence imposed by the courts, and if this court would allow the defendants to answer the complaint, and produce a copy of the Q.O.L. Program, this court should find that there is no mention of medical and mental health treatments being a part of said program. There is no justification for assaults to transpire.

(# 17, at 1-4.)

After careful review of Plaintiff's allegations and all the exhibits he has submitted in support of his claims, it is clear to this judicial officer that Plaintiff's proposed amendment is unrelated to whether he should have various privileges, such as a television, despite his refusal to participate in sex offender

treatment or the Q.O.L. Program. Plaintiff himself describes Capt. Matheney's words and actions to be "retaliation for filing this civil action" (# 12), and violation of the Eighth Amendment (# 17). It is true that in one document Plaintiff claims that "Capt. Matheney told me that he will kill me if I do not comply with treatment." (# 15, at 1.) However, this allegation is not made in document # 17, which is the detailed description of defendant Matheney's alleged assaults, threats and slap. Moreover, Plaintiff has submitted no document which indicates that Plaintiff has exhausted his administrative remedies with respect to Capt. Matheney's alleged conduct. The only allegations which Plaintiff grieved were his refusal to participate in treatment and the loss of privileges, particularly the television, as a result of that refusal. Plaintiff's description of defendant Matheney's alleged statements and conduct are strongly indicative of Matheney's opinion of Plaintiff and his criminal history, but the undersigned is unconvinced that Plaintiff's claim arose out of the conduct set out in the original complaint, as required by Rule 15. The undersigned notes that Plaintiff will not be prejudiced in any manner if the presiding District Judge adopts these findings and recommendation because dismissal of this civil action will result in the refund of the $150.00 paid by Plaintiff (see # 11, at 6), and Plaintiff will have the opportunity to exhaust his remedies and then, if necessary and appropriate, file a new action against

defendant Matheney.

For all the foregoing reasons, the undersigned has this day entered an order refusing to deem Plaintiff's original complaint to be amended by Plaintiff's allegations concerning Capt. Matheney's alleged assaults, threats and slap.

Based on McKune v. Lile, and Sandin v. Connor, 515 U.S. 472 (1995), the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to state a claim upon which relief can be granted in that the adverse consequences which he experiences for his refusal to participate in treatment do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life. It is respectfully **RECOMMENDED** that this civil action be dismissed with prejudice, and that Plaintiff's Motion for Preliminary Injunction (# 2), Motion for a Permanent Restraining Order (# 4), Motion for an Order Compelling the Defendants to Abstain from Imposing Punishment (# 5), and Motion to Compel (# 6) be denied with prejudice.

The undersigned notes that Plaintiff paid $150.00 toward his filing fee. The filing fee for a civil rights action such as this is $350.00. Typically, when the court dismisses a civil rights action prior to service of process, a filing fee is not imposed. If this action is dismissed, it is suggested that the Clerk refund $150.00 to Plaintiff.

Plaintiff is notified that this "Proposed Findings and

Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

   March 5, 2009                                        Mary E. Stanley
      Date                                                  Mary E. Stanley
                                                        United States Magistrate Judge