IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**WILLIAM ALLEN LaRUE,**

    **Plaintiff,**

**v.**                                           **CIVIL ACTION NO. 2:08-00983**

**CAPT. RUSSELL MATHENEY, and**
**CHRISTY FLORES, in their**
**official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the court is Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation ("PF & R") (Doc. No. 22), as well as numerous motions and other filings made by plaintiff, an inmate at the Mount Olive Correctional Complex ("MOCC"). For the reasons set forth below, the court dismisses this action for failure to state a claim upon which relief may be granted.

### I.  Background

Plaintiff's original 42 U.S.C. § 1983 complaint in this matter sought reinstatement of certain privileges revoked by MOCC as a result of plaintiff's refusal to comply with the requirements of the prison's sex offender treatment program.[1]

---

[1] Plaintiff is serving a combined sentence of three to thirty-five years following his conviction of Nighttime Burglary, as well as two counts each of Forgery and Uttering. (Doc. No. 1 Ex. B.) In his July 14, 2000, sentencing order, the Honorable Russell M. Clawges, Jr., of the Circuit Court of Monongalia County, West Virginia, determined that plaintiff had "serious and

(Doc. No. 1.) Plaintiff had previously agreed to participate in MOCC's Quality of Life program, and had signed an "Individual Therapy Contract" obligating him to participate in treatment sessions and to refrain from certain conduct relating to children and to sexual matters, generally. (Doc. No. 16 at 2.)

Citing McKune v. Lile, 536 U.S. 24 (2002), Magistrate Judge Stanley recommended that this court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. No. 11.) Subsequently, plaintiff made several filings in which he alleged for the first time that defendant Captain Russell Matheney had assaulted him and threatened to kill him if he does not "comply with treatment." (Doc. No. 15 at 1.) Because these allegations differed substantially from those upon which the magistrate judge based her dismissal recommendation, the court referred the matter to Magistrate Judge Stanley for consideration of plaintiff's filings as potential amendments to his complaint. (Doc. No. 21.)

In the magistrate judge's March 5, 2009, PF & R, she reviews plaintiff's allegations of assault by Captain Matheney and concludes that they are unrelated to whether plaintiff should

---

significant problems with sexual matters," and that evidence supported an "unnatural preoccupation with the obtaining of sexual gratification through the use of children." (Id.) Judge Clawges therefore recommended to the Commissioner of Corrections that plaintiff "shall undergo psychiatric counseling and should complete a sexual offender treatment program" while in State custody. (Id.)

-2-

receive the privileges sought in the original complaint. (Doc. No. 22 at 4-7.) She notes that plaintiff appears to frame the alleged assaults as retaliatory actions against plaintiff for filing the instant suit, and also as Eighth Amendment violations. (Id. at 7.) She further notes that plaintiff offers no documentation that he has exhausted his administrative remedies with respect to the alleged assaults. (Id.) The magistrate judge concludes that the claims of assault do not arise "out of the conduct set out in the original complaint, as required by [Federal Rule of Civil Procedure 15]." (Id.) She further notes that plaintiff will not be prejudiced by dismissal of this action on that basis, as his filing fee will be refunded and he will then have an opportunity to exhaust his administrative remedies and file a new action against Captain Matheney, if appropriate. (Id. at 7-8.)

On March 10, 2009, plaintiff filed the following in objection to Magistrate Judge Stanley's PF & R:

> Plaintiff would like to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.
>
> Plaintiff wants to change his complaint and will not be able to do so if complaint is dismissed.
>
> Plaintiff is prepairing [sic] a amended complaint, and seek time to compleete [sic] and file the Amended Complaint.
>
> Magistrate Judge Stanley, will not allow the Plaintiff to amend said complaint, and provide reasonable time to do so before she makes a finding.

>   Plaintiff seeks leave to Amend Complaint, with time to do such.
>
>   Plaintiff objects to the whole PF & R by Magistrate Judge Stanley.

(Doc. No. 26.)

In a "Memorandum in Support of Complaint" dated March 5, 2009, and filed on March 9, 2009, plaintiff for the first time made allegations relating to a proposed claim under the First and Fourteenth Amendments to the United States Constitution. (Doc. No. 24.) In this filing, he asserts that he is a "Christian Prurient," and that "sex and nudity is a big aspect of his faith."[2] (Id. at 1.) He continues as follows:

>   Plaintiffs contract with Christy Flores, Mental Health therapist, clearly violates his religious doctrines.
>
>   Plaintiff contends that fellow inmates retain pornography in their cells. However, due to the Plaintiffs Religious beliefs, the defendants has imposed sanctions for not abandoning his faith to comport with the traditional Established Christian faith.
>
>   Plaintiff is the founder, owner, and President of Christian Prurient Faith Outreach Ministry.
>
>   Defendants have Prohibited the Plaintiff from practicing his faith by enforcing a contract that he has advised the Defendants to not enforce numerous times. This complaint seeks to do what the Defendants adamantly refuse to do without Court intervintion [sic].

---

[2] Although plaintiff's earlier filings had occasionally made general reference to his religious rights, and had mentioned Christianity, Jesus, and the Bible, the March 9, 2009, filing sets forth his first assertion that he is a "Christian Prurient," and that, as such, the therapy contract violates his religious beliefs.

(Id.)

Plaintiff has since filed in excess of one hundred documents in support of his claims.  The majority of these documents set forth extensive quotations to the Bible, and describe in detail the tenets of plaintiff's self-created "Christian Prurient faith," of which he is the sole follower.  Plaintiff repeatedly asserts that his religious rights are violated by MOCC's enforcement of the therapy contract through restricting his privileges and his access to pornographic materials.

## II.  Analysis

Pursuant to 28 U.S.C. § 1915A, a suit by a prisoner against a governmental entity or its employee must be screened and dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  A case is "frivolous" for purposes of § 1915A if it is based upon an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  Stated differently, such a claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A plaintiff's case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007).

In this action under 42 U.S.C. § 1983, plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. His purported claim fails because he cannot satisfy the first element.[3]

In McKune v. Lile, 536 U.S. 24 (2002), the United States Supreme Court addressed prison clinical rehabilitation programs in the context of the Fifth Amendment right against self-incrimination. The Court held that, even where no immunity is given for self-incriminating statements made by participants, such programs do not violate the Fifth Amendment where the adverse consequences an inmate faces for not participating "are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents

---

[3] Plaintiff's objections to the magistrate judge's PF & R and his subsequent filings appear to indicate that he has abandoned his allegations of assault by Captain Matheney, and that he wishes to proceed on the First Amendment claim described above. As such, and because plaintiff has filed no valid objections to the magistrate judge's recommended dismissal of his assault allegations, the court now reviews only his most recent theory of recovery. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)(district court need not conduct *de novo* review under 28 U.S.C. § 636 of objections to PF & R where objections are general and conclusory and do not direct the court to a specific error in the magistrate's recommendation).

of prison life." McKune, 536 U.S. at 37-38. As a result of his refusal to participate in a rehabilitation program, the inmate in McKune faced restrictions of his privileges that were comparable to those alleged by Mr. LaRue.

In the context of a First Amendment claim, a generally applicable prison regulation does not offend the First Amendment Free Exercise Clause if burdening the exercise of religion is not the object of the provision, but merely its incidental effect. Smith v. Ozmint, 578 F.3d 246, 251 (4th Cir. 2009)(citing Employment Div., Dep't of Human Res. v. Smith, 494 U.S. 872, 878 (1990); Hines v. South Carolina Dep't of Corrections, 148 F.3d 353 (4th Cir. 1998)).

Inmates find further protection of their religious freedom in the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which protects inmates from "substantial burdens" to an inmate's religious practices. Smith v. Ozmint, 578 F.3d at 251. Such a burden is one that "'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)(quoting Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981)).

In the instant case, plaintiff acknowledges that the burden with which he takes issue was imposed upon him because of a contract into which he entered of his own volition – a contract

-7-

of a type which the Supreme Court has found to be constitutionally valid. Even assuming that plaintiff sincerely holds the beliefs he professes, the hardships of which he complains are relatively insignificant, are typical of prison life, and are of his own making. His claims must therefore be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons set forth above, the court **CONFIRMS** and **ACCEPTS** the Findings and Recommendation of the magistrate judge (Doc. Nos. 11, 22), **OVERRULES** plaintiff's objections thereto (Doc. No. 26), **DENIES** plaintiff's pending motions (Doc. Nos. 27, 39, 40, 45, 46, 48, 49, 60, 76, 78, 83-88, 91, 94, 95, 98, 121, 130, 132), and **DISMISSES** this suit pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

The Clerk is directed to remove this action from the court's active docket and to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

It is **SO ORDERED** this 4th day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge